Michael N. Poli, #005461
Jody L. Buzicky, #010321
POLI & BALL, P.L.C.
601 South Seventh Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 380-8095

Attorneys for Defendant Bank of America, N.A.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHARLES DOMINICK LOMBINO, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, NT&SA, a U.S. Chartered Corporation, CITIBANK, N.A., a National Banking Association; SHAWN ABERMAN, an individual,<br><br>    Defendants.<br>_____<br>BANK OF AMERICA, N.A., a national association,<br><br>    Counterclaimant,<br><br>vs.<br><br>CHARLES DOMINICK LOMBINO, an individual,<br><br>    Counter-Defendant.<br>_____ | **CASE NO.: 2:09-CV-00036-LDG-RJJ** |

**PRETRIAL ORDER**

The following pretrial proceedings in this cause, **IT IS ORDERED:**

**I.**

This is an action involving claims and a counterclaim relating to a forged cashier's check that Plaintiff presented to Defendant Bank of America, N.A. for payment.

1    Plaintiff's Complaint alleges five causes of action (fraud, negligent, misrepresentation, negligence, conversion/embezzlement, and breach of warranty) against Defendants Bank of America, N.A. ("Bank of America") and Shawn Aberman (collectively, Defendants), all of which relate to a forged cashier's check presented to the Bank by Plaintiff and Plaintiff's written instruction to wire transfer of funds to the Industrial Bank of Korea, Namdaemun Branch. Plaintiff's Complaint also asserts claims against Citibank, but, upon information and belief, Plaintiff has not served Citibank with a summons or the Complaint. According to the Complaint, Plaintiff is seeking general damages in an excess of $10,000, special damages, economic losses, punitive damages, the imposition of a constructive trust and/or equitable lint, attorneys' fees and costs.

Defendant Bank of America's counterclaim is a breach of contract action. Defendant claims that Plaintiff's bank account is overdrawn and he has failed to repay the Bank for the overdrawn amount. Defendant Bank of America seeks the overdrawn amount of $55,772.80, plus pre- and post-judgment interest, costs and attorneys' fees.

## II.

**Statement of Jurisdiction:** This Court has jurisdiction pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1331, and 12 U.S.C. § 632.

With respect to federal question jurisdiction, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). *See also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Regarding the international banking aspects of the claims asserted in this Action, 12 U.S.C. § 632 provides for federal question jurisdiction in this instance: "Notwithstanding any other provision of law, **all suits of a civil nature at common law or in equity** to which

any corporation organized under the laws of the United States shall be a party, **arising out of transactions involving international or foreign banking**, or banking in a dependency or insular possession of the United States, **or out of other international or foreign financial operations**, either directly or through the agency, ownership, or control of branches or local institutions in dependencies or insular possessions of the United States or in foreign countries, **shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits**; and any defendant in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law." 12 U.S.C. § 632 (emphasis added).

Interpreting the Edge Act (12 U.S.C. §§ 601 *et seq.*) in a 2005 case involving Bank of America, the Court noted the requirements for federal jurisdiction under that act: "For a district court to exercise Edge Act jurisdiction over a civil action, that action must meet two requirements: (1) a corporation organized under the laws of the United States is a party; and (2) the action arises out of transactions involving international or foreign banking or other financial operations." *Bank of America Corp. v. Lemgruber*, 385 F.Supp.2d 200, 213 (S.D.N.Y. 2005). The *Lemgruber* case further noted that "'[a] suit satisfies the jurisdictional prerequisites of Section 632 if *any part of it* arises out transactions involving international or foreign banking.'" *Id.* at 214 (emphasis in original)(quoting *In re Lloyd's American Trust Fund Litig.,* 928 F.Supp. 333, 338 (S.D.N.Y. 1996) and citing *Corporacion Venezolana de Fomento (CVF) v. Vintero Sales Corp.*, 629 F.2d 786 (2d Cir. 1980), *cert. denied,* 449 U.S. 1080, 101 S.Ct. 863, 66 L.Ed.2d 804 (1981)). *See also Wenzoski v. Citicorp*, 480 F.Supp. 1056, 1058 (N.D. Cal. 1979) (explaining that any defendant in an action where the claims allegedly "arise out of transactions involving international or foreign banking or out of other international or foreign financial operations" may remove

such suit to the proper United States district court, and interpreting 12 U.S.C. § 632 to mean that "unanimous joinder [by all defendants] in the removal petition was not necessary").

*Lemgruber* also held that the actual entity sued in this case, Bank of America, N.A., is a corporation organized under the laws of the United States, thereby satisfying the first prong of the Edge Act analysis. Consistent with that holding, Bank of America, N.A. is a national association, formed under the laws of the United States. Bank of America, N.A. is a federally chartered commercial bank, which holds FDIC Certificate No. 3510, and its charter class is that of a National Bank. *See also Travis v. National City Bank of New York*, 23 F.Supp. 363, 366-67 (E.D.N.Y. 1938)(discussing the legislative intent behind 12 U.S.C. § 632 and holding that the statutory phrase "any corporation organized under the laws of the United States" is not limited to corporations organized specifically to conduct foreign banking, but also includes national banks engaged incidentally in foreign banking).

This Action "arises out of transactions involving international or foreign banking," in this case, the wire transfer of funds to the Industrial Bank of Korea, Namdaemun Branch, with "2M Korea," in Seoul, Korea, as the beneficiary. Therefore, this Court has jurisdiction.

### III.

**The following facts are admitted by the parties and require no proof:** Because Plaintiff failed to participate in the preparation of this Pretrial Order, there are no stipulations or agreements to facts that require no proof.

### IV.

**The following facts, though not admitted, will not be contested at trial by evidence to the contrary**:

1. On or about October 24, 2007, Plaintiff/Counterdefendant Lombino presented a cashier's check (the "Cashier's Check") in the approximate amount of $195,000 to Bank of America for deposit into his trust account

4

with Bank of America (the "Account").

2. Plaintiff/Counterdefendant Lombino instructed Bank of America to wire $185,000 from his Account to the Industrial Bank of Korea.

3. In accordance with Plaintiff/Counterdefendant Lombino's instruction, Bank of America completed the wire transfer of $185,000 from his Account to the Industrial Bank of Korea.

4. After the completion of the wire transfer, the Cashiers Check was returned unpaid due to an alleged forgery. As a result, Plaintiff/Counterdefendant Lombino's Account was overdrawn in the sum of $184,240.

5. To offset the overdrawn amount, Bank of America recovered $128,473.15 from Plaintiff/Counterdefendant Lombino's accounts with Bank of America.

6. Plaintiff/Counterdefendant Lombino's Accounts with Bank of America are currently overdrawn in the sum of $55,772.80 (the "Debt").

7. Plaintiff/Counterdefendant Lombino has refused by pay the Debt.

**V.**

**The following are the issues of fact to be tried and determined upon trial. (Each issue of fact must be stated separately and in specific terms.)**

1. May the Bank to recover the Debt resulting from Plaintiff's overdrawn account from the Plaintiff?

**VI.**

**The following are the issues of law to be tried and determined upon trial. (Each issue of lawmust be stated separately and in specific terms.)**

1. Is Plaintiff liable to Defendant Bank of America for the Debt resulting from his overdrawn account?

2. Is Plaintiff liable to Defendant for pre-and post judgement interest on the Debt resulting from Plaintiff's overdrawn account?

3. Is Plaintiff liable to Defendants for attorneys' fees and costs?

4. Is Plaintiff liable to Defendants for post judgment interest on attorneys' ffees and costs?

## VII.

**(a) The following exhibits are stipulated into evidence in this case an may be so marked by the clerk: Due to Plaintiff's failure to participate in this Pretrial Order, it is unknown whether the parties could stipulate to any exhibits.**

(1) <u>Plaintiff's Exhibits</u>: Unknown.

(2) <u>Defendants' Exhibits</u>: Unknown.

**(b) As to the following additional exhibits, the parties have reached stipulations states:**

(1) <u>Set forth stipulations as to Plaintiff's exhibits</u>: Unknown, due to Plaintiff's failure to participate in this Pretrial Order.

(2) <u>Set forth stipulations as to Defendants' exhibits</u>: The following are Defendants' exhibits, which Plaintiff has not stipulated or agreed to admit into evidence. Defendants reserve the right to object to any or part of the exhibits listed below.

    1. Sole Proprietorship Authorization Opening and Maintaining Deposit Accounts and Services.

    2. Sole Proprietorship Signature Card.

    3. State Bar of Nevada Certificate of Compliance and Consent Form.

    4. Personal Signature Card regarding CampusEdge Checking account.

    5. Personal Signature Card regarding Interest Checking Account

|   |   |
|---|---|
|   | 5010 0072 2488. |
| 6. | Personal Signature Card regarding Regular Saving account number 0049 6745 7349, |
| 7. | Personal Signature Card regarding Regular Checking account 0049 6654 4826. |
| 8. | Personal Signature Card regarding MyAccess Direct Checking account. |
| 9. | Transaction History regarding account 004971933118. |
| 10. | Transaction History regarding account 004971933105. |
| 11. | Correspondence from Charles Lombino to Industrial Bank of Korea dated November 15, 2007. |
| 12. | Funds Transfer Request and Authorization dated October 29, 2007. |
| 13. | Deposit Slip dated August 21, 2007. |
| 14. | Copy of Check from Aristocrat Technologies to Charles Lombino in the amount of $200,000. |
| 15. | Depositor Agreement. |
| 16. | Correspondence from Michael Poli to Charles Lombino dated December 14, 2007. |
| 17. | Correspondence from Charles Lombino to Michael Poli dated December 27, 2007. |
| 18. | Correspondence from Michael Poli to Charles Lombino dated January 16, 2008. |

(c) **As to the following exhibits, the party against whom the same will be offered objects to their admission on the grounds stated:**

/ / /

7

1  (1) <u>Set forth objections to Plaintiff's exhibits</u>: Defendants object to any
2  exhibits of Plaintiff on the basis that Defendants do not know which exhibits Plaintiff
3  intends to use at trial. In addition, Defendants object to any proposed Plaintiff's exhibits
4  on the basis that Plaintiff has not participated in the preparation of this Pretrial Order and
5  therefore has waived any right to present exhibits.
6  (2) <u>Set forth objections to Defendants' exhibits</u>:   Unknown.
7  **(d)** **Depositions:**
8  (1) <u>Plaintiff will offer the following depositions</u>: (Indicate name of
9  deponent and identify portions to be offered by pages and lines and
10 the party or parties against whom offered):   Unknown.
11 (2) <u>Defendants will offer the following depositions</u>: (Indicate name of
12 deponent and identify portions to be offered by pages and lines and
13 the party or parties against whom offered): Defendants previously set
14 the depositions of Plaintiff and Andrew West to take place on June 24,
15 2009. Within days before the deposition, Plaintiff, who is an attorney,
16 retained legal counsel who requested that the depositions be continued
17 to allow new counsel to become familiar with the case. Defendants
18 agreed to continue the depositions based on this request. About a
19 month after new counsel was substituted for Plaintiff, Plaintiff re-
20 substituted himself as counsel of record. The depositions are
21 currently set for September 28, 2009. Defendants reserve the right to
22 supplement this portion of the Pretrial Order after the depositions are
23 taken.
24 **(e)** **Objections to Depositions:**
25 (1) <u>Defendant objects to plaintiff's depositions as follows</u>:   Plaintiff has
26 not identified any depositions. Defendants object to any deposition

to the extent that Plaintiff attempts to admit any deposition at trial.

(2) <u>Plaintiff objects to Defendants' depositions as follows</u>: Unknown.

## VIII.

**The following witnesses may be called by the parties upon trial**:

(a) <u>State names and addresses of Plaintiff's witnesses</u>: Unknown.

(b) <u>State names and addresses of Defendants' witnesses</u>:

    (1) Authorized representative(s) of Bank of America, c/o Poli & Ball, P.L.C., 601 S. Seventh Street, Second Floor, Las Vegas, Nevada.

    (2) Defendant Shawn Aberman, c/o Poli & Ball, P.L.C., 601 S. Seventh Street, Second Floor, Las Vegas, Nevada.

    (3) Without waiving any objections, Defendants reserve the right to call Plaintiff Charles Lombino. 2421 Enchantment Circle, Henderson, Nevada 89074.

    (4) Without waiving any objections, Defendants reserve the right to call Andrew West. 723 Wilshire, Las Vegas, Nevada 89110.

## IX.

**Counsel has met and herewith submit a list of three (3) agree-upon dates:**

Plaintiff has not participated in this Pretrial Order. Thus, the following dates are submitted by Defendants without input from the Plaintiff.

    1. March 29, 2009 - March 31, 2009

    2. April 5, 2009 - April 6, 2009

    3. April 12, 2009 - April 13, 2009

It is expressly understood by the undersigned that the Court will set the trial of this matter on one (1) of the agreed-upon dates if possible, if not, the trial will be set at the convenience of the Court's calendar.

/ / /

## X.

It is estimated that the trial herein will take a total of 3-4 days.

APPROVED AS TO FORM AND CONTENT:

POLI & BALL, P.L.C.


By  */s/ Jody L. Buzicky*
Michael N. Poli poli@poliball.com
Jody L. Buzicky buzicky@poliball.com
601 South Seventh Street, Second Floor
Las Vegas, Nevada 89101
Attorneys for Defendant Bank of America, N.A.
and Defendant Shawn Aberman

## IX.

### ACTION BY THE COURT

(a) This case is set down for Court/Jury trial on the fixed/stacked calendar on:_____

Calendar call shall be held on: _____

(b) An original and two (2) copies of each trial brief shall be submitted to the clerk on or before _____.

(c) Jury Trials:

    (1) An original and two (2) copies of all instructions requested by either party shall be submitted to the clerk for filing on or before _____.

    (2) An original and two (2) copies of all suggested questions of the parties to be asked of the jury panel by the Court on *voir dire* shall be submitted to the clerk for filing on or before _____.

/ / /

/ / /

10

1  (d) Court trials:

2  Proposed findings of fact and conclusions of law shall be filed on or before

3  _____.

4  The foregoing Pretrial Order has been approved by the Defendants as evidenced by

5  the signature of their counsel hereon, and the Order is hereby entered and will govern the

6  trial of this case.  This Order shall not be amended except by order of the Court pursuant

7  to agreement of the parties or to prevent manifest injustice.

8  DATED: _____.

9

10

11  _____
   UNITED STATES DISTRICT JUDGE or
12  UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

S:\Lkl\BA\Lombino\PLEADINGS\Pretrial Order.wpd

POLI & BALL, P.L.C.
601 SOUTH SEVENTH STREET, 2nd FLOOR
LAS VEGAS, NEVADA 89101
(702) 380-8095

11