# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

CHARLES DOMINICK LOMBINO,

    Plaintiff,

v.

BANK OF AMERICA, N.A., et al,

    Defendants.

and related Counterclaims.

2:09-cv-0036-LDG-RJJ

**ORDER**

Defendants have filed a motion in limine requesting an order "(a) precluding any references at trial relating in anyway to any communications involving the State Bar of Nevada, and precluding David Clark, who is counsel for the State Bar of Nevada, as a witness in this matter, (b) precluding Plaintiff from calling any witnesses and offering any exhibits that Plaintiff did not list in the Pretrial Order [Document # 45], and (c) precluding Andrew West as a witness in this matter." Defs.' Mot. In Limine 1-2, Nov. 5, 2010, ECF No. 58. This court granted Defendants' motion at oral argument (#66). After further review of the issues presented, however, this court vacates its previous order and orders as set forth herein.

Defendants argue that this court should preclude reference to any communication with the State Bar of Nevada ("State Bar") because Defendants had a duty to report the overdraft of Plaintiff's IOLTA account to the State Bar pursuant to Nevada Supreme Court Rule 78.5 and that

they enjoy civil immunity for such communications pursuant to Rule 106. Defendants, however, have failed to conclusively demonstrate that they enjoy immunity for any Rule 78.5 report pursuant to the civil immunity granted in Rule 106(1). *See* Nev. Sup. Ct. R. 78.5(3), (7); 106(1). Furthermore, Plaintiff argues that his own communications with the State Bar that preceded Defendants' overdraft report are relevant to demonstrate his good faith in handling the forged check. *See* Pl.'s Opp. to Defs.' Mot. In Limine 2, ECF No. 61. Therefore, in light of these issues, the court denies Defendants' motion to preclude any reference to communications with the State Bar.

Defendants also argue that this court should limit Plaintiff's witnesses and exhibits to those listed in the Pretrial Order and preclude the testimony of Andrew West. *See* LR 16-3(d). The Pretrial Order listed four Plaintiff witnesses (West, Clark, Poli, and Aberman) and indicated that Plaintiff's exhibits where "[t]o be provided." Joint Pretrial Order 9, 12, April 12, 2010, ECF No. 45. Plaintiff now intends to introduce three witnesses (Lombino, West, Clark) and thirty-five exhibits. *See* Pl.'s Witness List 2, ECF No. 71; Pl.'s List of Exhibits 2-8, ECF No. 72. Defendants have deposed Plaintiff and cannot argue any surprise or prejudice by his anticipated testimony at trial. Surprise or prejudice is also unlikely as to Plaintiff's exhibits because most were either included in Plaintiff's Pretrial Order (#33) or overlap with those listed by Defendants. Additionally, Defendants apparently consented in the Pretrial Order that Plaintiff's exhibit list was "[t]o be provided" at some unspecified future time and have waited months to assert their position. Furthermore, Defendants' failure to either reschedule Andrew West's deposition or contact the court regarding the issue, coupled with his available affidavit, undermines Defendants' concerns of prejudice by hearing Andrew West's testimony at trial. Accordingly,

THE COURT HEREBY ORDERS that its previous order granting Defendants' motion in limine (#66) is VACATED.

1  THE COURT FURTHER ORDERS that Defendants' motion in limine (#58) is DENIED.

3  DATED this __2__ day of December, 2010.

_____
Lloyd D. George
United States District Judge